*10 ORDER
DWIGHT W. BIRDWELL, Chief Justice.
HARLEY TERRELL, BILL BAKER, and DON CRITTENDEN, (“Terrell” or “Petitioners”) in their capacity as members of the Council of the Cherokee Nation (“Council”), bring this action against the CHEROKEE NATION ELECTION COMMISSION (“Election Commission” or “Defendant”). Nick Lay, as member of the Council, (“Lay”) has filed a brief, as Amicus Curiae, in opposition to Terrell’s petition. Troy Poteete, as member of the Council of the Cherokee Nation, (“Po-teete”) has filed an entry of appearance in the lawsuit in support of the position stated in Lay’s brief.
Petitioners alleged a constitutional referendum [1] regarding an amendment to Article V, § 3 of the Cherokee Constitution, approved by the Cherokee electorate on June 20, 1987. (“1987 Referendum”) was approved by the Muskogee Area Director (“Director”) of the Bureau of Indian Affairs (“BIA”), but that the Director lacked the authority to do so. The Petitioners essentially asked ask Court to decide that amended article V § 3 is a legal nullity at this time, as a consequence of the alleged failure in the federal approval process regarding the 1987 Referendum. Specifically, the Petitioners sought declaratory relief asking the Court to rule that 26 CNCA §§ 4, 33, 34 and 36 [which currently implements, in part, said Article V, § 3 through Legislative Act No. 7-97] are a nullity, and that the members of Council be elected at large as stated in the Cherokee Constitution prior to the amendment of Article V, § 3.
The Election Commission timely filed its Answer, and on the same date, Lay filed his brief. On January 27, 1999, Poteete filed his entry into the case. Also on January 27, 1999, Terrell filed a response to the Election Commission’s Answer, and Lay’s brief. In the response Terrell admits that the central premise in his Petition (lack of authority of the Director) was wrong, and, lastly, he states, Petitioners hereby dismiss the Petition, filed herein.[2] Following these last two filings, also on January 27, 1999 the Court conducted a conference call in which all of the lawyers, listed above, participated. During the conference call all of the attorneys, including Terrell’s, were in agreement that the Director acted within his authority in regards to approval of the 1987 Referendum amending Article V, § 3 of the Cherokee Constitution.
DISCUSSION
The Court takes judicial notice that the Petitioners filed this action less than two weeks before the filing period for candidates for all seats on the Council for the 1999 general election[3]. The Court *11 further takes judicial notice that, for many years, the government of the Cherokee Nation has operated and conducted its business under said amended Article V, § 3 with the full knowledge and approval of the federal government. Moreover, the Petitioners themselves are presently serving on the Council under Cherokee law implemented as a result of said amended Article V, § 3, and each of the Petitioners voted in favor of the current law, Legislative Act No. 7-97, sections of which the Petitioners asked the Court to declare void.
Previously, the Court found that the timing of the filing of the Petition created an emergency for the Cherokee Nation. Terrell has not “dismissed” the lawsuit “with prejudice”, and even if he had, his actions might not be binding on any third party. The storm cloud Terrell placed over Article V, § 3 of the Cherokee Constitution, and 26 CNCA §§ 4, 33, 34 and 36, remains. The emergency created by the filing of this action continues, and any idea that the “dismissal” by Terrell on January 27, 1999, has removed the emergency is wrong[4].
20 CNCA App. Rule 3 states, in part, After an answer lias been filed, a petition may be dismissed only with the consent, of the Justice assigned to the case. In the event no Justice has been designated to review the particular petition, consent to dismiss shall be the responsibility of the Chief Justice. For today’s purpose, the Court will take the “dismissal” filed herein by the Petitioners as a motion for dismissal. For the reasons above stated, the motion for dismissal by Terrell is DENIED.
The core issue which Terrell had raised is whether or not the Director had the authority to approve the results of the 1987 Referendum. The statement in the same letter that Terrell attached to the Petition, and subsequent “dismissal” from James Fields, the current Acting Area Director is very clear: the Director had the authority to approve the referendum. Moreover, the attorney for the petitioners has admitted this fact, and this admission is conclusive and binding as to this issue. This Court accepted a letter from the Area Director as being “final” in McLain[5] and the Court does the same today.
In addition to the fact that the Director did approve the 1987 Referendum, the Cherokee Nation has proceeded since 1988 with its business in reliance upon the approval with the full knowledge and approval of the federal government.
BEING NOT APPROPRIATE NOR NECESSARY, THE COURT IS NOT GOING TO LOOK BEHIND THE ACTIONS OF THE AREA DIRECTOR IN 1988, NOR IS THE COURT GOING TO LOOK BEHIND THE LETTER OF THE CURRENT ACTING AREA DIRECTOR TO ATTEMPT TO ASCERTAIN WHETHER OR NOT ANY FEDERAL RULE, REGULATION OR PROTOCOL WAS FOLLOWED, OR NOT FOLLOWED, IN 1988 OR 1998.
THE COURT HEREBY FINDS that the 1987 Referendum was approved as required by the Article XV, § 10 of the Cherokee Constitution.
FURTHER, THE COURT HEREBY FINDS that the 1987 Referendum has *12 amended Article V, § 3 of the Cherokee Constitution, and the amendment is a valid and integral part of the Cherokee Constitution.
The Petitioners also challenged the residency requirement, as to candidates for Council, found in 20 CNCA §§ 33, 34, and 36. The court has previously found Article V, § 3 of the Constitution, as amended by the 1987 Referendum to be valid and subsisting in all respects. The power of the Council to establish a residency requirement, regarding the Council district provision, is inherent in that provision. To find that the Cherokee Constitution requires the establishment of Council Districts, but that the Council cannot establish a residence requirement for the candidates for offices of the various districts, would be ridiculous.
THE COURT HEREBY FINDS that 20 CNCA §§ 33, 34, and 36, insofar as they are applicable to a “permanent residence requirement” for candidates for Council, do not violate the Cherokee Constitution and are valid.
THEREFORE THE COURT HOLDS that the 1987 Referendum was approved as required by Article XV, § 10 of the Cherokee Constitution; that the 1987 Referendum has amended Article V, § 3 of the Cherokee Constitution, and said amendment is valid and an integral part of the Cherokee Constitution; that 20 CNCA §§ 33, 34, and 36, insofar as they are applicable to a “permanent residence requirement” for candidates for Council, do not violate the Cherokee Constitution, and are valid.

.With the referendum, Article V, § 3 o( the Cherokee Constitution was amended to read: The Council shall consist of fifteen (15) members, who are members by blood of the Cherokee Nation of Oklahoma. Each Council member shall be elected in the general election for a term of four (4) years and until his successor is duly elected and installed. The Council shall establish representative districts which shall be within the historical boundaries of the Cherokee Nation of Oklahoma. These districts shall be apportioned to afford a reasonably equal division of tribal membership among these districts. Among other things, under the Cherokee Constitution prior to the amendment of Article V, § 3, there were no representative Council districts and the members of the Council were elected at large.

. Given the timing of the events, it is noteworthy that the so-called "dismissal” was not filed by Terrell "with prejudice" against refiling the lawsuit.

. The Petition was filed on January' 19, 1999. The filing period for candidates commences February 1, 1999.

. TERRELL IS USING THE SAME PIECE OF EVIDENCE USED TO SUPPORT TWO TOTALLY CONFLICTING POSITIONS! First, Terrell uses the letter to support his allegation in the Petition that the 1987 Referendum was not properly approved. Then Terrell uses the SAME letter to support his “dismissal” by saying that the letter is evidence that the 1987 Referendum was properly approved.

. Franklin McLain, v. Cherokee Nation Election Commission, JAT 98-13-K.